Law Library

# IN THE SUPERIOR COURT OF GUAM

KARON V. JOHNSON, Individually,

Plaintiff,

vs.

GUAM ANIMALS IN NEED, a Guam Non-Profit Corporation; DOES 1-10,

Defendants.

CIVIL CASE NO. CV0892-12

DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on December 14, 2012. Attorney Helkei S. Hemminger represented Defendants, who were present. Attorney Robert P. Kutz represented Plaintiff, who was present. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The background of this case rests on the ousting of Plaintiff Karon Johnson (hereinafter "Plaintiff") by Defendant Guam Animals In Need (hereinafter "GAIN"). The Plaintiff filed her original Complaint on August 10, 2012 asking for preliminary and permanent injunction as well as declaratory relief on multiple grounds. The Defendants filed a Motion to Dismiss on August 30, 2012. The Plaintiff filed a First Amended Verified Complaint on September 14, 2012. The Plaintiff opposed GAIN's Motion to Dismiss and filed a Cross-Motion for Summary Judgment on October 8, 2012. In this Decision and Order, the Court will address all dispositive motions.

## DISCUSSION

### I. Jurisdiction

The Court finds it maintains jurisdiction to hear this matter pursuant to 7 GCA § 20302. Furthermore, Parties are either citizens of Guam or registered as a corporation on Guam and personal jurisdiction is appropriate.

## II.    Summary Judgment or Motion to Dismiss

The Court deems GAIN's motion and the Plaintiff's cross-motion as competing motions for summary judgment. The Court makes such a conclusion based on the review of information and argument outside of the pleadings.[1] *See* GRCP Rule 12(b). Furthermore, the Court will address both motions in this Decision and Order pursuant to the Court's indication to do so at the August 31, 2012 hearing.

## III.    GAIN's Motion to Dismiss

GAIN's motion to dismiss based on 12(b)(6), in part, and will be deemed a motion for summary judgment for the most part. The remaining ground for dismissal will be evaluated in this section of the Decision and Order. GAIN argues that Plaintiff lacks standing to sue GAIN. To support this contention, GAIN argues that Plaintiff is and was not a member of GAIN at the proper times. GAIN claims that Plaintiff's membership expired and was not renewed before she filed her claim.

Plaintiff argues that she paid her dues for the upcoming membership year and it is exactly her wrongful termination from membership with GAIN that created the need for this case. Plaintiff agrees that GAIN has authority to remove members from membership but she challenges the standards and methodology of the revocation used against her. Plaintiff's Reply to Opposition to Motion for Summary Judgment at 1.

The Court believes that Plaintiff may very well have been a member of GAIN at the time she was terminated or just before GAIN chose to not renew her membership. The Court is unable to make a conclusion on how the membership ended without a more complete presentation of the facts and evidence. As it stands currently, GAIN's attorney explained that Plaintiff's membership expired on August 24, 2012. December 14, 2012 Motion Hearing at 10:49a.m.. The original Complaint in this case was filed August 10, 2012. Thus, at the time

---

[1] The Court has considered numerous declarations containing many exhibits not within the original pleadings. Thus, the Motion to Dismiss will be reviewed as a Motion for Summary Judgment.

Plaintiff filed the Complaint her membership did not yet expire and the amended complaint relates back to the original filing date.

Furthermore, it is that ending of the membership that is at issue in this case. The Court must find standing as the Plaintiff was a valid member of GAIN at some point and made attempts to pay dues and she filed this case when she discovered there was an effort to somehow end her membership. Plaintiff was previously a member of GAIN in good standing and this case was filed pursuant to that standing.

GAIN also challenges subject matter jurisdiction in this case pursuant to Rule 12(b)(1) of the Guam Rules of Civil Procedure. GAIN's Motion to Dismiss at 4. The Court finds that it maintains jurisdiction to hear this matter pursuant to 7 GCA § 20302 as concluded earlier in this decision. If the version of the facts found to be true at the conclusion of this case support Plaintiff, she would be warranted to, at minimum, declaratory relief and potentially injunctive relief based on the causes of action stated in her First Amended Verified Complaint.

## IV.   GAIN's Motion For Summary Judgment

### Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co. v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not

required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his or her assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

### Controversy as to Material Facts

GAIN argues that it had the authority to end Plaintiff's membership. GAIN suggests that no avenue exists in which Plaintiff may maintain her action and the case should be dismissed. The Plaintiff objects to summary judgment and dismissal by stating that the ending of her membership may only occur after due process has been given and she had standing to file her Complaint as she was a member of GAIN for over 20 years. The Court is not confident that due process, as provided for in the Bylaws, was given to Plaintiff.[2] This is a material fact and is still a highly contentious issue. GAIN's Bylaws provide that notice and opportunity to be heard be given to any member who's revocation is proposed. GAIN's Bylaws Section 3(c)(2). While revocation may be warranted, as the grounds for membership revocation are broad and easily met, the Court needs more evidence before a determination of rudimentary due process can be made.

The Court understands that GAIN attempted to provide a hearing for Plaintiff where Plaintiff's attorney was present. While the Court appreciates that this may resolve the due process requirement issue, the Court would like more evidence on the exact nature of the hearing provided. Summary judgment is not normally granted without a clear absence of

---

[2] The Court agrees with Defendants' determination that the specific form of due process here is only rudimentary due process as provided for in the Bylaws. Section 3(c)(2).

evidence to support the non-moving party's case. Here, the Court sees potential merit, although weak, in Plaintiff's assertion that the Bylaws were violated in the totality of circumstances surrounding her termination, removal or non-renewal from membership. At trial in this matter all doubts will be cleared up and all assertions will be supported with evidence allowing this Court, or the finder of fact, the opportunity to make a complete decision on Plaintiff's causes of action.

Additional controversy lies in the determination of whether Plaintiff was terminated from membership or her membership was simply not renewed by the board. The Court would like more evidence regarding the separate occurrences of revoking the current membership of Plaintiff or making a decision not to accept Plaintiff's membership dues for renewal. As these events must have occurred at different times if there were two separate decisions, there must be supporting information that exists relevant to whether the decision was to terminate a current membership or to reject Plaintiff's attempted payment in an effort to prohibit renewal.

Simply, the Court is not able to dismiss the case as Plaintiff has standing as a previous member of GAIN and her membership may have ended without a proper application of the Bylaws. The Court would need more evidence about the type and form of hearing given to Plaintiff before revocation took place and whether the board acted in compliance with the Bylaws in ending Plaintiff's membership before judgment could be entered in this case or that the case be dismissed. The Court is also interested in more evidence or testimony to address Plaintiff's accusation that GAIN's board maintained multiple conflicts of interest when deciding to revoke or to not renew Plaintiff's membership. Finally, the Court is without adequate support from the record to find that GAIN acted reasonably in revocation Plaintiff's membership or that Plaintiff's actions warranted revocation.

## II. GAIN's Motion to Strike

As an alternative motion to dismissal, GAIN requests that the Court strike paragraphs 7-12 of the original Complaint which are the same as paragraphs 7-12 in the First Amended Verified Complaint. The Court will not strike portions of a complaint without grounds to do so. Here, GAIN has failed to provide facts or law to support such a sanction against Plaintiff. The

only argument in support of the motion to strike that the Court gleans from the motion is relevance. As the argument applies to relevance, the Court finds that claims of misuse of GAIN's resources may be relevant to Plaintiff's request for injunctive and declaratory relief. The Motion to Strike is denied

**III.   GAIN's Motion for a More Definitive Statement**

GAIN argues that GRCP Rule 12(e) requires that Plaintiff provide a more definite complaint. The Court views the First Amended Verified Complaint and the original Complaint to be fairly complete. While the Complaint may be a little vague at times, the Court does not believe more detail will provide a significant assistance to the Court in this case or ease the complexity of this case. The Court concludes that the original Complaint and the First Amended Verified Complaint are adequate and provide GAIN with an understanding of the action it faces. The Court understands that GRCP Rule 8(a) provides that the complaint be a "short and plain statement". Yet, the Court has reviewed the original Complaint and the First Amended Verified Complaint in detail and finds them sufficient. The Court will not require additional detail or specifics.

**IV.   Plaintiff's Motion for Summary Judgment**

The Plaintiff's Cross-Motion for Summary Judgment will be reviewed applying the same standard discussed above. The Court also applies the same analysis from above in the determination of the issue of whether dispute as to material facts exists. The Plaintiff argues that no material issues are in dispute.

As explained above, the Court finds sufficient material facts in controversy to prohibit summary judgment at this stage in the case. The Court has concerns over material facts that directly affect the Plaintiff's claims. Only at trial, with the presentation of witnesses and after a complete review of all relevant evidence, can the finder of fact rule on all material facts alleged in this case. For example, the Court could not possibly make a ruling on Plaintiff's claim for declaratory relief without first deciding that GAIN violated her right to due process established by GAIN's Bylaws Section 3(c)(2) or whether Plaintiff may even challenge the manner of non-

renewal of her membership. The Court must have additional evidence and testimony to make a determination on the material facts discussed in this Decision and Order.

The facts relevant to essential legal conclusions need to be more fully fleshed out. Earlier in this case, the Court determined that issues of material fact exist as applied to GAIN's request for dismissal. Therefore, the Court will apply that same determination in the discussion of Plaintiff's request for summary judgment. While, the Court refuses to grant summary judgment in favor of GAIN or dismiss the case, the same rational leads the Court to deny summary judgment in favor of Plaintiff. Essentially, there can be no summary judgment in this case for either Party at this stage.

## CONCLUSION

GAIN's Motion for Summary Judgment is hereby DENIED. GAIN's Motion to Dismiss is hereby DENIED. GAIN's Motion to Strike is hereby DENIED. GAIN's Motion for a More Definitive Statement is hereby DENIED. The Plaintiff's Cross Motion for Summary Judgment is hereby DENIED. Parties are instructed to file a scheduling order.

So ORDERED this ____ day of February, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam